**[J-13A-2024, J-13B-2024, J-13C-2024 and J-13D-2024] [MO: Wecht, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| CLIFFORD COLE, PAMELA WEST, BRIAN,WEIRBACK, KATHY WEIRBACK, TODD SHELLY AND CHRISTINE SHELLY, | : | No. 21 EAP 2023 |
| | : | |
| | : | Appeal from the Order of the |
| | : | Commonwealth Court dated June |
| Appellees | : | 15, 2021 at No. 1577 CD 2019, |
| | : | Reversing and Remanding the |
| | : | Order of the Pennsylvania |
| v. | : | Environmental Hearing Board dated |
| | : | October 9, 2019 at No. 2019-046-L. |
| | : | |
| PENNSYLVANIA DEPARTMENT OF ENVIRONMENTAL PROTECTION, | : | ARGUED:  March 5, 2024 |
| | : | |
| | : | |
| Appellant | : | |

| | | |
|---|---|---|
| WEST ROCKHILL TOWNSHIP, | : | No. 22 EAP 2023 |
| | : | |
| Appellee | : | Appeal from the Order of the |
| | : | Commonwealth Court dated June |
| | : | 15, 2021 at No. 1595 CD 2019, |
| v. | : | Reversing and Remanding the |
| | : | Order of the Pennsylvania |
| | : | Environmental Hearing Board dated |
| DEPARTMENT OF ENVIRONMENTAL PROTECTION, | : | September 25, 2019, at No. 2019-039-L. |
| | : | |
| Appellant | : | ARGUED:  March 5, 2024 |

| | | |
|---|---|---|
| CLIFFORD COLE, PAMELA WEST, BRIAN WEIRBACK, KATHY WEIRBACK, TODD SHELLY AND CHRISTINE SHELLY | : | No. 77 MAP 2023 |
| | : | |
| | : | Appeal from the Order of the |
| | : | Commonwealth Court dated June |
| | : | 15, 2021 at No. 1577 CD 2019, |
| v. | : | Reversing and Remanding the |
| | : | Order of the Pennsylvania |
| | : | Environmental Hearing Board dated |
| PENNSYLVANIA DEPARTMENT OF ENVIRONMENTAL PROTECTION | : | October 9, 2019 at No. 2019-046-L |
| | : | |
| | : | ARGUED:  March 5, 2024 |
| | : | |
| APPEAL OF: ADELPHIA GATEWAY, LLC | : | |

| | | |
|---|---|---|
| WEST ROCKHILL TOWNSHIP | : | No. 78 MAP 2023 |
| | : | |
| | : | |
| | : | Appeal from the Order of the |
| v. | : | Commonwealth Court dated June |
| | : | 15, 2021 at No. 1595 CD 2019, |
| | : | Reversing and Remanding the |
| DEPARTMENT OF ENVIRONMENTAL | : | Order of the Pennsylvania |
| PROTECTION | : | Environmental Hearing Board dated |
| | : | September 25, 2019, at No. 2019- |
| | : | 039-L |
| APPEAL OF: ADELPHIA GATEWAY, LLC | : | |
| | : | ARGUED: March 5, 2024 |

## CONCURRING OPINION

**JUSTICE DOUGHERTY**                                    **DECIDED:  January 22, 2025**

I join the well-reasoned majority opinion in full.[1]  I write separately, however, to explain additional reasons to reject Adelphia's assertion "[t]he EHB has no role in

---

[1] I do, however, question the impact of the majority's determination that the Third Circuit incorrectly held DEP's permit decisions are final for purposes of federal law in *Del. Riverkeeper Network v. Sec'y Pa. DEP*, 903 F.3d 65 (3d Cir. 2018) (*Riverkeeper III*), even if this Court is technically not bound by that determination.  *See* Majority Opinion Section III.B.  While I agree with the majority's analysis, including its approval of the First Circuit's reasoning in *Berkshire Environmental Action Team, Inc. v. Tenn. Gas Pipeline Co.*, 851 F.3d 105 (1st Cir. 2017), I feel compelled to point out that the Third Circuit's decision in *Riverkeeper III* specifically addressed finality in the context of **Pennsylvania's** administrative scheme, while *Berkshire Environmental* discussed Massachusetts's scheme.  Additionally, in the normal course, these appeals originating in Pennsylvania should not make their way to this Court, but instead will go to the Third Circuit.  *See* 15 U.S.C. §717r(d)(1).  Thus, although I agree with the majority's full-throated defense of EHB's role in our administrative scheme, as explicitly stated by the **plain text** of 35 P.S. §7514(c) (the EHB Act), in this legal landscape, I expect Natural Gas Act permit decisions originating in Pennsylvania will be subject to the Third Circuit's federal finality holding in *Riverkeeper III*.  I would hope that, upon considering the majority's persuasive analysis here, the Third Circuit will reconsider its reasoning in *Riverkeeper III* and ameliorate the "dual" jurisdiction of which appellants complain.  *See, e.g.*, Adelphia's Brief at 42; DEP's Brief at 8.  At the very least, the majority's apt opinion might provide good reason for the federal court to abstain from exercising its jurisdiction until the conclusion of Pennsylvania's administrative processes, in which EHB plays a pivotal role, rather than enter the fray when the permit decision is still incomplete.

implementing, enforcing, or administering the Chapter 127 regulations" incorporated into Pennsylvania's State Implementation Plan (SIP) under the Clean Air Act (CAA), which further justify our conclusion the Natural Gas Act (NGA) does not preempt EHB review. Adelphia's Reply Brief at 8.

Preliminarily, I recognize appellants are correct that in *Schneidewind v. ANR Pipeline Co.*, the Supreme Court of the United States held the NGA occupies the field of wholesales of natural gas in interstate commerce to the exclusion of state law. *See* 485 U.S. 293, 300-04 (1988). Crucially, however, the NGA has a savings clause: "Except as specifically provided in this chapter, **nothing in this chapter affects the rights of States** under – (1) the Coastal Zone Management Act of 1972 (16 U.S.C. 1451 et seq.); (2) **the Clean Air Act** (42 U.S.C. 7401 et seq.); or (3) the Federal Water Pollution Control Act (33 U.S.C. 1251 et seq.)." 15 U.S.C. §717b(d) (emphasis added).

Like the majority, I believe Pennsylvania's "rights . . . under" the CAA allow for EHB review of DEP permit decisions made pursuant to the CAA. *Id.*; *see* Majority Opinion at 30-32 (explaining Pennsylvania's SIP incorporates a regulation titled "Notice of basis for certain plan approval decisions" which provides "[t]he action in [DEP's] notice shall be final and not subject to review unless, within 30 days of the service of the notice, a person affected thereby appeals to the EHB setting forth the grounds relied upon."), *citing* 25 Pa. Code §127.13c(d). Adelphia correctly notes the regulation the majority cites is specific to circumstances where DEP "denies a plan approval application or terminates, modifies, suspends or revokes a plan approval already issued[,]" 25 Pa. Code §127.13c(a), and here, DEP **approved** the application. Nevertheless, this provision "documents the EHB's federally approved role as a reviewing body of CAA decisionmaking." Majority Opinion at 31.

Of course, that SIP provision is not the only indication of EHB's role in enforcing the CAA. The regulation codified at 25 Pa. Code §127.12b, entitled "Plan Approval Terms and Conditions," is incorporated as part of Pennsylvania's SIP. Subsection (b) of that regulation provides: "[a]t a minimum, each plan approval must incorporate by reference the emission and performance standards and **other requirements of the act**, the Clean Air Act or the regulations adopted under the act or the Clean Air Act." 25 Pa. Code §127.12b(b). The term "act" as used in that particular article of the Code[2] refers to "[t]he Air Pollution Control Act (35 P.S. §§4001–4015)[,]" (APCA). *Id.* §121.1. Thus, for plan approvals to comply with Pennsylvania's SIP, they "must incorporate by reference the . . . requirements of [APCA]." *Id.* at §127.12b(b).[3] Critically, APCA includes a provision mandating:

---

[2] Title 25 (Environmental Protection), Part I (Department of Environmental Protection), Subpart C (Protection of Natural Resources), Article III (Air Resources).

[3] Pennsylvania's SIP includes an "additional explanation" regarding the incorporation of 25 Pa. Code §127.12b that states: "[r]evised; limited approval." 40 C.F.R. §52.2020; EPA, *EPA Approved Regulations in the Pennsylvania SIP*, https://www.epa.gov/air-quality-implementation-plans/epa-approved-regulations-pennsylvania-sip (last visited September 17, 2024). The SIP also lists an EPA approval date of October 5, 2012 for section 127.12b and cites to the associated Federal Register publication from that date. *See* 77 F.R. 60910. In 77 F.R. 60910, the EPA simply responded to a comment challenging an expansion to "shakedown period" extensions provided in section 127.12b(c). *See id.* EPA approved the revisions to 25 Pa. Code §127.12b, and in doing so, noted it "requires each plan approval to contain all applicable CAA requirements[,]" which is a requirement found in section 127.12b(b). Moreover, the SIP does not specify subsections included or excluded from section 127.12b (as it does for other Code sections) and the PDF available on EPA's website listing the relevant Code Provisions in Chapter 127 includes section 127.12b(b). *See* EPA, *Pennsylvania SIP, Construction, Modification, Reactivation, and Operation of Sources- Plan Approval Requirements*, https://www.epa.gov/air-quality-implementation-plans/pennsylvania-sip-construction-modification-reactivation-and-1, (*linking* https://www.epa.gov/sites/default/files/2017-08/documents/chapter_127_subchapter_b_comprehensive_11_5_12_15_pgs.pdf). We have no reason to believe subsection (b) is excluded from Pennsylvania's SIP. Indeed, even Adelphia cites an EHB decision for the proposition that "**Pennsylvania's SIP 'includes the Air Pollution Control Act** and the Department's regulations' in order to demonstrate 'how [the Department] intends to achieve EPA's [NAAQS].'" Adelphia's (continued…)

> The [environmental] hearing board **shall have the power and its duty shall be** to hear and determine all appeals from appealable actions of the department as defined in the act of July 13, 1988 (P.L. 530, No. 94), known as the "Environmental Hearing Board Act," in accordance with the provisions of this act. Any and all action taken by the hearing board with reference to any such appeal shall be in the form of an adjudication, and all such action shall be subject to the provisions of 2 Pa.C.S. (relating to administrative law and procedure).

35 P.S. §4006 (footnote omitted) (emphasis added). APCA further provides:

> Any person aggrieved by an order or other administrative action of [DEP] issued pursuant to this act or any person who participated in the public comment process for a plan approval or permit shall have the right, within thirty (30) days from actual or constructive notice of the action, to appeal the action to [EHB] in accordance with the [EHB Act], and 2 Pa.C.S. Ch. 5 Subch. A . . . .

35 P.S. §4010.2. Thus, EHB's reviewing authority does not derive solely from the EHB Act but is also embedded in APCA itself.

In my view, the availability of EHB review is likely a "requirement[]" of APCA for purposes of 25 Pa. Code §127.12b(b), though I acknowledge we have not received full advocacy on this point. Regardless, it appears DEP complied with such a plan approval content requirement in this case; the plan approval stated DEP was authorized to issue it "**in accordance with the provisions of [APCA]**," Plan Approval at 1 (emphasis added), and the accompanying letter stated "[a]ny person aggrieved by this action may appeal the action to [EHB]," while providing information on how to file an appeal with EHB. Plan Approval Letter (Apr. 19, 2019).

But more importantly, even if one does not believe section 127.12b(b) incorporates EHB review *via* APCA explicitly, it is still undeniable APCA provides for EHB review. *See* 35 P.S. §§4006, 4010.2. Thus, all the provisions of APCA were adopted in the context of an administrative scheme that presumed the availability of EHB review. We cannot

---

Reply Brief at 7, *quoting N. Am. Refractories Co. v. DEP*, 2000 EHB 707, 715 (emphasis added).

extricate EHB review without impacting the way the other provisions of APCA operate.[4]

And where APCA is incorporated into Pennsylvania's SIP so extensively, I join the majority's "assum[ption] that the EPA approved Pennsylvania's SIP with the understanding that an independent administrative body had review authority over the DEP's initial decisionmaking under the CAA." Majority Opinion at 31. Indeed, it appears DEP shared that understanding when it issued the present plan approval.[5]

---

[4] For example, a requirement listed in the Plan Approval stated: "The issuance of this plan approval does not prevent the future adoption by the Department of any rules, regulations or standards, or the issuance of orders necessary to comply with the requirements of the Federal Clean Air Act or the Pennsylvania Air Pollution Control Act, or to achieve or maintain ambient air quality standards." Plan Approval at 7 (citing 25 Pa. Code §127.12b(a), (b) for authority). But as mentioned above, such "order[s] or other administrative actions of [DEP]" are "[a]ppealable actions" subject to review by EHB under 35 P.S. §4010.2. In fact, even the APCA provision detailing DEP's powers and duties contemplates EHB review. See id. at §4004(9)(ii) ("Within thirty (30) days after service of any [DEP] order the person to whom the order is issued or any other person aggrieved by such order may file with the hearing board an appeal setting forth with particularity the grounds relied upon."). Eliminating EHB's role would disturb the balance of other APCA provisions implicated in Pennsylvania's SIP (and the present plan approval).

[5] What's more, I question appellants' position that for a State to act pursuant to its rights under the CAA (and therefore fall within the NGA's savings clause), the State's action must be expressly provided for in its SIP. The NGA's savings clause provides: "[e]xcept as specifically provided in this chapter, nothing in this chapter affects the **rights** of States under . . . the Clean Air Act[.]" 15 U.S.C. §717b(d)(2) (emphasis added). And, the CAA has a savings clause of its own, specifically preserving certain enforcement rights of the States. See 42 U.S.C. §7416 (entitled "Retention of State authority," provides "[e]xcept as otherwise provided in [various other sections], nothing in this chapter shall preclude or deny **the right of any State or political subdivision** thereof to adopt or **enforce** (1) any standard or limitation respecting emissions of air pollutants or (2) any requirement respecting control or abatement of air pollution . . . ."); see also id. at §7401(a) ("The Congress finds . . . that air pollution prevention (that is, the reduction or elimination, **through any measures**, of the amount of pollutants produced or created at the source) and air pollution control at its source is the **primary responsibility of States and local governments**") (emphasis added); cf. id. at §7604(e) ("Nothing in this [citizen suits] section shall restrict any right which any person (or class of persons) may have under any statute or common law to seek enforcement of any emission standard or limitation or to seek any other relief (including relief against the Administrator or a State agency)"). If the CAA preserves Pennsylvania's right to use EHB appeals, I do not see why that right would not also fall under the NGA's savings clause, absent a specific provision to the contrary. (continued…)

I add that the majority's opinion harmonizes with the Third Circuit's recent precedential opinion in *Transcontinental Gas Pipe Line Co. v. Pa. EHB*, 108 F.4th 144 (3d. Cir. 2024) (*Transco*). In *Transco*, the Third Circuit affirmed the district court's denial of a motion to preliminarily enjoin an administrative appeal to EHB of a DEP permit decision regarding Transco's pipeline. *See Transco*, 108 F.4th at 148. Like appellants in this case, Transco argued that under Section 717r(d)(1) of the NGA, EHB lacked jurisdiction to hear a challenge to DEP's issuance of a permit pursuant to the Clean Water Act (CWA), which is exempt (like the CAA) from preemption under the NGA's savings clause. The Third Circuit held Transco was not entitled to injunctive relief because it could not demonstrate a reasonable probability of success on the merits, explaining Transco's entire case was premised on preemption, but as a matter of law, none of the methods of preemption applied. *See id.* at 151.

First, as the majority does here, the *Transco* court held Section 717r(d)(1) does not expressly preempt EHB's review because it applies to "civil actions" only and not to administrative appeals. *See id.* at 152-56 (relying on *Bordentown v. FERC*, 903 F.3d 234, 267 (3d Cir. 2018), for the proposition "civil action" in Section 717r(d)(1) "refers only to civil cases brought in courts of law or equity and does not refer to hearings or other quasi-judicial proceedings before administrative agencies[,]" as well as the Commonwealth Court's determination in this case that EHB proceedings are administrative proceedings and not civil actions). Thus, the Third Circuit held Section 717r(d)(1) does not expressly preclude EHB review.

Next, the Third Circuit held the NGA did not field preempt EHB's role, explaining that notwithstanding *Schneidewind*, the savings provision in NGA Section 717b(d)

---

Nevertheless, even accepting appellants' premise that EHB's role must be included in Pennsylvania's SIP for the NGA's savings clause to apply, for the reasons outlined above, EHB's role is so preserved.

provided anti-preemption protection for States' rights under the CAA, the CWA, and the Coastal Zone Management Act, "[e]xcept as specifically provided in [the NGA.]" *Id.* at 156-57, *quoting* 15 U.S.C. §717b(d). The court reasoned the "specifically provided" language leaves open the possibility of express preemption **only**, foreclosing any form of implied preemption with regards to those named statutes. *See id.* at 157 (referring to this language as an "anti-implied-preemption clause"). The court reiterated the NGA does not expressly preempt EHB review, and then rejected Transco's argument (similar to those raised by appellants here) that the savings clause protects DEP's permit decisions only, not EHB's review of them. *See id.* at 157-58. It explained "the preservation of state regulatory authority under an anti-preemption clause also allows states to 'us[e] appropriate tools to exercise that authority.'" *Id.* at 157, *quoting Chamber of Com. v. Whiting*, 563 U.S. 582, 601 (2011) (Roberts, C.J., plurality). The Third Circuit concluded the EHB Act's authorization of EHB review of DEP permit decisions under the CWA was "reasonably in furtherance of the [CWA] powers reserved for states[,]" and that an administrative appeal was therefore an "appropriate tool to implement the powers reserved to Pennsylvania under the anti-preemption clause of the [NGA.]" *Id.* at 157-58. Likewise here, EHB review reasonably furthers the CAA powers reserved to Pennsylvania, and EHB's role is preserved under Pennsylvania's SIP, if not protected by the CAA savings provision itself.

Finally, the *Transco* court held obstacle/conflict preemption did not bar administrative appeals of DEP's permit decisions to EHB. *See id.* at 158-63. It rejected obstacle preemption based on three arguments appellants also raise (and which the majority also rejects) in this case: (1) EHB's decision would be unreviewable under NGA Section 717r(d)(1) because only DEP issues, conditions, or denies permits pursuant to

federal law[6]; (2) EHB's decision would be unreviewable based on NGA Section 717n requiring FERC to prepare an administrative record for "Federal authorizations," purportedly limiting the scope of the original-and-exclusive jurisdiction clause in Section 717r(d)(1) to review of "federal authorizations"; and (3) dual-track jurisdiction would undermine the purpose of the NGA to streamline litigation in this context. *See id.* at 159-62. After rejecting those arguments on their merits, the Third Circuit held that even if they supported a finding of conflict preemption, "the [NGA's] anti-preemption clause prevents all forms of implied preemption of state regulation within its scope." *Id.* at 162. Since states retain their power under the CWA, the court concluded that even if EHB review presented an obstacle, "the anti-implied-preemption clause in §717b(d) would prevent conflict preemption." *Id.* at 163. The majority ably performs a similar merits analysis in the present case, but I would further endorse the Third Circuit's reasoning that the NGA's savings clause prevents implied obstacle/conflict preemption because EHB review of a DEP permit decision under the CAA is protected by the "anti-implied-preemption" clause in NGA Section 717b(d). *Id.*

Justice Donohue and Justice McCaffery join this concurring opinion.

---

[6] Interestingly, the Third Circuit observed that, because the NGA occupies the field of interstate natural gas pipeline regulation per *Schneidewind*, "any state regulatory action on that subject matter occurs only by virtue of the anti-preemption clause, *see* 15 U.S.C. § 717b(d)[, and t]herefore, any such state regulation is pursuant to federal law." *Transco.*, 108 F.4th at 160. Since the court held an EHB appeal is within the scope of the anti-preemption clause, "an EHB disposition of such an administrative appeal would be within the 'pursuant to federal law' requirement and subject to review through a civil action in th[e Third Circuit], leaving no obstacle to that purpose of the [NGA]." *Id.* Indeed, this portion of the *Transco* court's analysis underlines my skepticism that EHB's role must be explicitly stated in Pennsylvania's SIP in order to exist within the overlapping statutory schemes created by the CAA and the NGA. *See supra* n. 5.